

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

October 15, 1974

Mr. B. L. DeBerry
Chief Engineer
Texas Highway Department
Austin, Texas 78763

Opinion No. H-421

Re: Is an employee of
the Texas Highway
Department entitled
to extended sick leave
due to pregnancy.

Dear Mr. DeBerry:

Your letter asking our opinion gives the following fact situation as background.

The employee in question took a leave of absence from December 1, 1973 to February 1, 1974, for reasons of pregnancy without requesting extended leave with pay.

By memorandum of October 1, 1973, to her supervisor, this employee requested a leave of absence for maternity purposes, which was approved, beginning December 1, 1973. She then used all of her accumulated sick leave and vacation prior to that termination date. On February 1, 1974 she returned to work and was reinstated in her previous job. She has now requested that she be compensated retroactively for the period of December 1, 1973 to February 1, 1974.

At the time your Department had no provision for extended sick leave for maternity purposes. Nor did it have provisions requiring any particular prenatal termination or postnatal waiting period. No extended sick leave was offered to this employee, but she was free to and did select both her termination date and the date of her reemployment.

At the time the stated policy of the department was as follows:

> SERIOUS ILLNESS:
> In cases of serious illness, the Department,
> acting through the Personnel Division, File
> D-13, is privileged to extend additional sick
> leave to those employees having a minimum

of two years' continuous service with the Department immediately preceding the sick leave. This applies alike to monthly and hourly employees, but does not include persons employed on a part-time or piece-work basis or persons employed periodically. This applies only to the illness of the employees and not the illness of a relative of the employee.

A maximum of ninety (90) days' sick leave for any continuous period may be granted. Extended sick leave is computed on a calendar day basis rather than a working day basis. Employees may not be granted any extended sick leave until after they have used all accrued regular sick leave.

Requests for extended sick leave in excess of 30 calendar days must be supported by a doctor's certificate.

Based on these facts, you have asked three questions:

1. Is the employee described in the foregoing situation eligible for compensation by way of her usual salary for the two month period during which she did not work?

2. If Question No. 1 is answered in the affirmative, does it follow that the Highway Department is legally authorized and/or obligated to make such payment to this employee? In connection with this question, we assume that if your answer is in the affirmative that we will still have the prerogative to investigate such claim upon an individual basis as to the need for a two month absence and make payment for a lesser period if in our judgment two months is considered excessive.

3. Is our assumption in Question No. 2 correct?

In Attorney General Opinion H-251 (1974), answering questions concerning the rights of pregnant state employees, we said:

> . . . [P]regnancy and childbirth may not be treated as different from any other sort of temporary disability. A pregnant woman, upon taking leave of absence to have her child, should be allowed to exhaust her vacation time and sick leave, and if it is the agency's policy to extend sick leave in the event of other types of temporary disability, she should be entitled to similar consideration.
>
> The pregnant woman's right to future employment in the same or any other state agency, her rights to job classification, compensation, retirement benefits, and other job benefits should be determined exactly as if her leave were occasioned by an injury or illness.

You have not indicated that the Department's policies with reference to extended sick leave require that a claim or request for such leave be filed before the employee is away from work, or that there is any period of limitation after the absence during which the right has to be asserted. If this is so and a person seeking extended sick leave for a non-maternal physical condition of disability some six to eight months after returning to work would not be barred from asserting his rights, then we believe the pregnant employee would be entitled to assert the same rights.

The specific answers to your questions will have to depend upon facts not before us. A female employee's rights to compensation for the period she is away from work for pregnancy will depend on whether any other employees would have collected for disability caused by illness during the same period. Whether the Department now, some eight months after the fact, should pay will depend on whether it would not pay another employee who had waited eight months to claim extended sick leave. Of course, the Department will have the opportunity to investigate any claims to determine whether the absence is actually required.

## S U M M A R Y

The rights of a female state employee to make a claim for extended sick leave some months after returning to work will depend upon whether other employees would have been .entitled to such leave for other types of illness and if so, whether their claims would have been honored after a similar lapse of time.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee